IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| KATRISE JONES,<br>BOP ID 23370-056,<br>    Movant,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>    Respondent. | CIVIL ACTION NO.<br>1:22-CV-2923-MHC-RDC<br><br>CRIMINAL ACTION NO.<br>1:20-CR-456-1-MHC-RDC |

## **FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Katrise Jones's pro se motion to vacate, set aside or correct her sentence under 28 U.S.C. § 2255 [Doc. 55].

"A 1-year period of limitation shall apply to a motion under [§ 2255]," running from the latest to occur of four identified events. 28 U.S.C. § 2255(f). In this case, as in most, the relevant event is "the date on which the judgment of conviction becomes final." *Id.* at (f)(1). *See also Clay v. United States*, 537 U.S. 522 (2003).

Here, the Judgment and Commitment entered on May 17, 2021 [Doc. 26] became final 14 days later on May 31, 2021, when Jones's time to file a notice of appeal expired. *See* Fed. R. App. 4(b)(1)(A). *See also Clay*, 537 U.S. at passim

Jones's § 2255 motion states that she "submitted" it on July 21, 2022. [Doc. 55 at 7]. *See also Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (a prisoner's pro se § 2255 motion is deemed filed the date it is delivered to prison

authorities for mailing"). Assuming this to be true, this occurred more than one year after her judgment of conviction became final, making her § 2255 motion untimely.

Rule 4(b) of the Rules Governing Section 2255 Proceedings the United States District Courts provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge *must dismiss* the motion and direct the clerk to notify the moving party." 28 U.S.C. foll. § 2255, Rule 4(b) (emphasis in original).

Accordingly, I **RECOMMEND** that Jones's § 2255 motion be **DISMISSED** pursuant to Rule 4(b) because it plainly appears to be untimely and thus no basis for relief.

If Jones believes her § 2255 motion is timely (or that there is any other reason this Court must reach the substance of her motion), she should explain why in any Objections she files to this Final Report and Recommendation.

I further **RECOMMEND** that a Certificate of Appealability be **DENIED** because Jones does not meet the requisite standard. *See Slack v. McDaniel*, 529 U.S. 473, 475 (2000); 28 U.S.C. § 2253(c)(2).

I **FIND** and **CONCLUDE** that an evidentiary hearing is not required because "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

I **DIRECT** the Clerk to terminate the referral of this case to me.

**SO REPORTED AND RECOMMENDED**, this 29th day of August, 2022.

_____
REGINA D. CANNON
UNITED STATES MAGISTRATE JUDGE